**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS GOMEZ-MENDOZA, | No. 08-70930 |
| Petitioner, | Agency No. A098-525-375 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Luis Gomez-Mendoza, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the IJ's denial of CAT relief because Gomez-Mendoza failed to establish it is more likely than not that he will be tortured if returned to Guatemala. *See id.* at 1201.

With respect to Gomez-Mendoza's asylum and withholding of removal claims, substantial evidence does not support the IJ's nexus determination, because Gomez-Mendoza established that a rival ethnic and political group attacked him, at least in part, on account of a protected ground. *See Navas v. INS*, 217 F.3d 646, 658-62 (9th Cir. 2000); *see also Gafoor v. INS*, 231 F.3d 645, 651-52 (9th Cir. 2000) (soldiers' statements to "go back to India" were unmistakable circumstantial evidence that they were motivated, at least in part, by petitioner's race and imputed political opinion).[1] Because the IJ erred in his nexus determination, he did not fully consider Gomez-Mendoza's claim of past persecution, and whether Gomez-Mendoza has a presumption of future

---

[1]The mixed motive analysis employed in *Gafoor* has been superseded by statute. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009). Nevertheless, this case was filed prior to the REAL ID Act, and thus the prior case law applies.

persecution.  *See Navas*, 217 F.3d at 657.  Accordingly, we grant the petition as to Gomez-Mendoza's asylum and withholding of removal claims, and remand for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**